1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    EVANS L. MADISON,

11                Plaintiff,

12          v.

13    CAROLYN W. COLVIN

14             Defendant.

CASE NO. C13-1998JLR

ORDER ADOPTING
MAGISTRATE JUDGE'S
REPORT AND
RECOMMENDATION

15

## I.   INTRODUCTION

16      This matter comes before the court on the Report and Recommendation ("R&R")

17 of United States Magistrate Judge John L. Weinberg (R&R (Dkt. # 22)) to affirm the

18 decision of the Administrative Law Judge ("ALJ") denying Plaintiff Supplemental

19 Security Income, and Plaintiff's objections thereto (Obj. (Dkt. # 25)).  The court has

20 carefully reviewed the foregoing, other relevant documents, and the governing law.

21 Accordingly, the court ADOPTS the R&R, AFFIRMS the decision of the ALJ,

22

ORDER- 1

1  DISMISSES Mr. Madison's complaint with prejudice, and ORDERS the Clerk to direct

2  copies of this order to all counsel of record and to Magistrate Judge Weinberg.

3                    **II.        BACKGROUND**

4          At the time of his administrative hearing, Mr. Madison was forty-five years old

5  and had a high school education.  (AR (Dkt. # 15) at 24.)  He had no past relevant work

6  as defined by the Social Security Act.  (AR at 24.)  Mr. Madison filed for benefits

7  alleging disability that began on March 8, 2006.  (AR at 158.)  Mr. Madison alleged

8  multiple impairments including a seizure disorder, connective tissue disorder, and left leg

9  weakness.  (AR at 17-18.)  The Commissioner denied Mr. Madison's application initially

10  (AR 58-69) and upon reconsideration (AR at 70-83).  The ALJ held a hearing on July

11  10, 2012 (AR at 31-57), and subsequently denied benefits after finding that Mr. Madison

12  was not disabled (AR at 15-25).  The Appeals Council denied Mr. Madison's request for

13  review, making the ALJ's ruling the final decision of the Commissioner.  (AR at 1-6.)

14  Mr. Madison sought judicial review of the Commissioner's decision.  (Am. Compl. (Dkt.

15  # 2).)  On May 16, 2014, Magistrate Judge Weinberg issued an R&R recommending that

16  the court affirm the ALJ's decision.  (R&R.)  Mr. Madison filed objections to the R&R.

17  (Obj.)  Mr. Madison's objections are now before the court.

18                    **III.        STANDARD OF REVIEW**

19          A district court has jurisdiction to review a Magistrate Judge's report and

20  recommendation on dispositive matters.  *See* Fed. R. Civ. P. 72(b).  "The district judge

21  must determine de novo any part of the magistrate judge's disposition that has been

22  properly objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole

ORDER- 2

1   or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.

2   § 636(b)(1).  The court reviews de novo those portions of the report and recommendation

3   to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d

4   1114, 1121 (9th Cir. 2003) (en banc).  "The statute makes it clear that the district judge

5   must review the magistrate judge's findings and recommendations de novo if objection is

6   made, but not otherwise."  *Id.*

7                **IV.**       **DISCUSSION**

8       With one exception, Mr. Madison's objections reiterate arguments he made before

9   Magistrate Judge Weinberg.  (*See* Obj.)  First, Mr. Madison challenges the ALJ's

10   decision to discredit Mr. Madison's testimony on the intensity, persistence, and limiting

11   effects of his impairments.  (Obj. at 7-9.)  Second, Mr. Madison disputes the sufficiency

12   of the ALJ's justification to place less weight upon the opinions of Dr. Timothy Joos and

13   Dr. David Widlan.  (Obj. at 4-7.)  Finally, he contends that the ALJ improperly failed to

14   address the medical opinion of Dr. Jessica LeBlanc and, therefore, the court should credit

15   her opinion as true.  (Obj. at 3-4.)  In his objections to the R&R, Mr. Madison expands

16   upon this argument, asserting that Magistrate Judge Weinberg violated the *Chenery*

17   doctrine by supplying judicial reasons to reject the opinion of Dr. Leblanc instead of

18   relying upon the administrative record.  (Obj. at 1-4.)

19       After careful review, this court rejects Mr. Madison's arguments.  First, the ALJ

20   provided sufficient reasoning to discredit Mr. Madison's testimony.  Magistrate Judge

21   Weinberg noted that the ALJ had provided "five specific reasons" to discount Mr.

22   Madison's testimony.  (R&R at 6.)  For example, the ALJ discounted Mr. Madison's

1   claims of leg weakness, emphasizing Mr. Madison's statements to Dr. Joos that he

2   exercised "between five and ten hours a week."  (AR at 22.)  The ALJ's reasons are

3   cogent and specific.  In combination, the court finds these reasons clear and convincing.

4   In contrast to the conclusory and wholesale rejection of the claimant's testimony seen in

5   *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996), the ALJ in this case provided specific

6   and convincing reasoning to discredit Mr. Madison's testimony.

7          Second, the ALJ provided sufficient reasoning to give little weight to the

8   controverted medical opinions of Dr. Joos and Dr. Widlan.  As Magistrate Judge

9   Weinberg notes, the ALJ only needed to provide specific and legitimate reasons to

10  discount controverted medical opinions.  (R&R at 8 (citing *Valentine v. Comm'r.*, 574

11  F.3d 685, 692 (9th Cir. 2009)).)  The opinions of Dr. Joos and Dr. Widlan are

12  controverted.  Thus, the ALJ's finding that the opinions of Dr. Joos and Dr. Widlan were

13  overly, although not solely, reliant on Mr. Madison's subjective complaints is sufficient

14  to place little weight upon them.  (AR at 23); *Magallanes v. Bowen*, 881 F.2d 747, 751

15  (9th Cir. 1989) ("The ALJ can meet this burden by setting out a detailed and thorough

16  summary of the facts and conflicting clinical evidence, stating his interpretation thereof,

17  and making findings." (internal quotation marks and citation omitted)).  The opinions'

18  overreliance on the discredited subjective complaints of Mr. Madison permitted the ALJ

19  to accord them less weight, preferring other medical opinions that had a greater emphasis

20  on objective evidence.

21         Third, the ALJ's failure to discuss Dr. Leblanc's opinion was a harmless error.

22  The court agrees with Magistrate Judge Weinberg's assessment of this issue.  (R&R at 8-

ORDER- 4

10.)  It is true that the ALJ in this case "did not recite the magic words" explicitly

rejecting the opinion of Dr. Leblanc, "[b]ut our cases do not require such an incantation."

*Magallanes v. Bowen*, 881 F.2d at 755.  The Magistrate Judge and this court "are not

deprived of our faculties for drawing specific and legitimate inferences from the ALJ's

opinion."  *Id.*  When the court applies *Magallanes* in this case, it is clear why the ALJ

chose not to place weight upon Dr. LeBlanc's medical opinion.  Like Dr. Joos and Dr.

Widlan, Dr. LeBlanc relied upon Mr. Madison's self-reported complaints.  The ALJ

discredited Mr. Madison's subjective complaints.  The ALJ, therefore, placed less weight

upon medical evidence which itself relied upon Mr. Madison's subjective complaints, the

very evidence the ALJ had already discredited.  The ALJ's failure to mention Dr.

LeBlanc's opinion is error.  Nevertheless, given that the ALJ conveyed a broad

skepticism of Mr. Madison's testimony throughout the decision, the ALJ could have

properly rejected Dr. LeBlanc's controverted opinion with a simple statement that he

placed little weight on it.  Thus, failure to mention the opinion is a harmless error.

         Magistrate Judge Weinberg did not, as Mr. Madison contends, run afoul of *SEC v.*

*Chenery Corp. (Chenery II)*, 332 U.S. 194, 202 (1948) (requiring that reviewing courts

not go beyond the the agency's own reasoning when looking for substantial evidence to

sustain administrative decisions).  Rather, Magistrate Judge Weinberg "constrained [his]

review [to] the reasons the ALJ asserts."  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th

Cir. 2003) (citing *Chenery Corp.*, 332 U.S. at 194, 196, 197).  The court finds the ALJ's

failure to explicitly reject Dr. LeBlanc's opinion was harmless because of reasoning the

ALJ himself supplied, not reasoning this court or Magistrate Judge Weinberg supplied.

ORDER- 5

1   The main thrust of the ALJ's decision is his skepticism of Mr. Madison's testimony and

2   the deemphasis of medical opinions that rely upon Mr. Madison's subjective reports.

3   (AR at 21-24.)  To remand in this case "would be an idle and useless formality." *NLRB*

4   *v. Wyman-Gordon*, 394 U.S. 759, 766 n.6 (1969), for it would simply require the ALJ to

5   include a statement that he places little weight upon the opinion of Dr. LeBlanc.  The

6   ALJ's decision is not "seriously contestable." *Id.*

7                              **V.       CONCLUSION**

8          For the foregoing reasons, the court ADOPTS the R&R (Dkt. # 22), AFFIRMS the

9   decision of the ALJ (AR (Dkt. # 15-2) at 15-25), DISMISSES Mr. Madison's complaint

10  (Dkt. # 2) with prejudice, and ORDERS the Clerk to direct copies of this Order to all

11  counsel of record and to Magistrate Judge Weinberg.

12         Dated this 15th day of July, 2014.

13

14

15                                            _____

16                                            JAMES L. ROBART
                                              United States District Judge

17

18

19

20

21

22

ORDER- 6